UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ERIC WILLIAMS                                          CIVIL ACTION

versus                                                 NO. 12-670

STATE OF LOUISIANA                                     SECTION: "C" (3)


## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Eric Williams, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On January 15, 2004, he was convicted of armed robbery, aggravated battery, and possession of a firearm while in possession of marijuana under Louisiana

law.¹ On February 3, 2004, he was sentenced as follows: eighty-five years imprisonment without benefit of probation, parole, or suspension of sentence on the armed robbery conviction; ten years imprisonment on the aggravated battery conviction; and ten years imprisonment on the conviction for possession of a firearm while in possession of marijuana. It was ordered that those sentences run consecutively.² On April 26, 2005, the Louisiana Fifth Circuit Court of Appeal affirmed petitioner's convictions but remanded the matter to the district court for the adjudication of a pending motion for reconsideration of sentence.³ The Louisiana Supreme Court denied petitioner's related writ application on February 3, 2006.⁴

On March 24, 2008, after numerous delays and other proceedings, the state district court considered and denied petitioner's motion for reconsideration of sentence.⁵ He then again appealed and, on January 13, 2009, the Louisiana Fifth Circuit Court of Appeal affirmed the sentences for the convictions of aggravated battery and possession of a firearm while in possession of marijuana; however, the court vacated the armed robbery sentence as excessive and again

---

¹ State Rec., Vol. VI of VII, transcript of January 15, 2004, at p. 402; State Rec., Vol. I of VII, minute entry dated January 15, 2004; State Rec., Vol. I of VII, jury verdict form.

² State Rec., Vol. VI of VII, transcript of February 3, 2004; State Rec., Vol. I of VII, minute entry dated February 3, 2004.

³ State v. Williams, 902 So.2d 485 (La. App. 5th Cir. 2005) (No. 04-KA-1309); State Rec., Vol. I of VII.

⁴ State v. Williams, 922 So.2d 1173 (La. 2006) (No. 2005-KO-1640); State Rec., Vol. I of VII.

⁵ State Rec., Vol. II of VII, Order dated March 24, 2008.

remanded the matter to the state district court.[6] The Louisiana Supreme Court denied the state's related writ application on November 6, 2009.[7]

On January 14, 2010, the state district court resentenced petitioner on the armed robbery conviction to a term of sixty years imprisonment without benefit of probation, parole, or suspension of sentence. The court further ordered that the sentences for armed robbery and aggravated battery run concurrently and that the remaining sentence run consecutively.[8] Petitioner did not appeal the resentencing.

On September 3, 2010, petitioner filed a federal application for *habeas corpus* relief. The state filed an opposition to that application on November 30, 2010, and then, on February 1, 2011, the undersigned United States Magistrate Judge recommended that the application be dismissed because petitioner had not exhausted his state court remedies.[9] On March 9, 2011, the United States District Judge adopted that recommendation and dismissed the application without prejudice.[10] The United States Fifth Circuit Court of Appeals thereafter dismissed petitioner's

---

[6] State v. Williams, 8 So.3d 3 (La. App. 5th Cir. 2009) (No. 08-KA-556); State Rec., Vol. VII of VII.

[7] State v. Williams, 21 So.2d 298 (La. 2009) (No. 2009-K-0330); State Rec., Vol. II of VII.

[8] State Rec., Vol. II of VII, minute entry dated January 14, 2010.

[9] Williams v. State of Louisiana, Department of Correction, Civ. Action No. 10-3010, 2011 U.S. Dist. LEXIS 24156 (E.D. La. Feb. 1, 2011).

[10] Williams v. State of Louisiana, Department of Correction, Civ. Action No. 10-3010, 2011 U.S. Dist. LEXIS 24102 (E.D. La. Mar. 9, 2011).

related appeal as untimely on August 30, 2011,[11] and further denied his request for reconsideration on October 3, 2011.[12]

In the interim, on February 7, 2011, petitioner returned to the state district court to file a motion challenging his sentences.[13] That motion was denied on February 23, 2011.[14]

On March 23, 2011, petitioner filed another motion with the state district court challenging his sentences.[15] That motion was denied on April 6, 2011.[16]

On April 8, 2011, petitioner filed yet another motion with the state district court challenging his sentences.[17] That motion was denied on May 2, 2011.[18]

---

[11] Williams v. Department of Corrections, State of Louisiana, No. 11-30713 (5th Cir. Aug. 30, 2011).

[12] Williams v. Department of Corrections, State of Louisiana, No. 11-30713 (5th Cir. Oct. 3, 2011).

[13] State Rec., Vol. II of VII. The United States Fifth Circuit Court of Appeals has held that federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana prisoner's *pro se* state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." Causey v. Cain, 450 F.3d 601, 607 (5th Cir. 2006). That date cannot be gleaned with certainty with respect to the post-conviction filings in this case; however, out of an abundance of caution, the Court will consider the signature dates as the filings dates, because the motions obviously were placed in the mail no earlier than the dates they were signed.

[14] State Rec., Vol. II of VII, Order dated February 23, 2011.

[15] State Rec., Vol. II of VII.

[16] State Rec., Vol. II of VII, Order dated April 6, 2011.

[17] State Rec., Vol. II of VII.

[18] State Rec., Vol. II of VII, Order dated May 2, 2011.

On November 27, 2011, petitioner filed with the state district court a "Motion to File an Out of Time Request to Correct an Illegal Sentence."[19] That motion was denied on January 17, 2012.[20]

Petitioner then filed with the state district court another "Motion to File an Out of Time Request to Correct an Illegal Sentence" on January 22, 2012.[21] Additionally, on January 31, 2012, he also filed a letter stating that he intended to sue the State of Louisiana.[22] Both of those filings were denied on February 10, 2012.[23]

On March 6, 2012, petitioner filed the instant federal application for *habeas corpus* relief.[24] The state has filed a response arguing both that petitioner still has not exhausted his state court remedies and that, in any event, the instant application is untimely.[25] The state is correct.

## I. Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in state court before seeking *habeas corpus* relief from the federal courts. "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts." Wilder v.

---

[19] State Rec., Vol. II of VII.

[20] State Rec., Vol. II of VII, Order dated January 17, 2012.

[21] State Rec., Vol. II of VII.

[22] State Rec., Vol. II of VII.

[23] State Rec., Vol. II of VII, Orders dated February 10, 2012.

[24] Rec. Doc. 3.

[25] Rec. Doc. 16.

Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner according to state court rules. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Accordingly, to determine whether petitioner exhausted his state court remedies, this Court must compare the claims he asserted in the instant federal application to the claims he asserted to the Louisiana Supreme Court.

Petitioner's federal application is a rambling, largely nonsensical pleading in which he makes a variety of allegations. In his application, petitioner bundles the following claims under "Ground One":

1. The search was illegal because the signature was forged on the consent form;
2. The evidence gathered in that search was illegal;
3. Petitioner was not advised of his Miranda rights;
4. Petitioner was never arraigned;
5. The bill of information was defective;
6. DNA evidence was planted;
7. The affidavit of probable cause was not signed;
8. Petitioner was not properly identified; and
9. Petitioner's sentence is excessive.[26]

---

[26] Rec. Doc. 3, p. 5.

Petitioner likewise bundles the following claims under "Ground Two" in his application:

10. Petitioner was misidentified;

11. The bill of information was defective;

12. The verdict was against the weight of the evidence;

13. Petitioner received ineffective assistance of counsel;

14. The search for and seizure of evidence was illegal;

15. The affidavit of probable cause was not signed;

16. There was no evidence that petitioner was advised of his Miranda rights;

17. Petitioner was never arraigned;

18. Officer Rodrigue planted false evidence, i.e. a car rental receipt/coupon;

19. Officer Mungia planted false evidence, i.e. a stained scarf;

20. The prosecutor made improper and prejudicial statements;

21. Petitioner was improperly prosecuted by bill of information rather than grand jury indictment; and

22. Petitioner's sixty-year sentence for armed robbery is excessive.[27]

To determine whether those claims were "fairly presented" to the Louisiana Supreme Court, this Court must look to petitioner's writ application in Case No. 2005-KO-1640, his sole writ

---

[27] Rec. Doc. 3, p. 7.

application filed with the state's highest court.[28] Upon close examination, it becomes apparent that the following claims were expressly asserted, and therefore exhausted, in that writ application: Claims 1, 2, and 14 (the search for and seizure of evidence was illegal); 5 and 11 (the bill of information was defective); 12 (the verdict was against the weight of the evidence); and 18 (Officer Rodrigue planted false evidence, i.e. a car rental receipt/coupon).

That said, it is likewise apparent that petitioner's remaining claims are unexhausted. Three of petitioner's claims were considered by the Louisiana Fifth Circuit Court of Appeal on direct appeal: Claims 4 and 17 (petitioner was never arraigned) and 20 (the prosecutor made improper and prejudicial statements).[29] However, because petitioner failed to mention those claims in his Louisiana Supreme Court writ application, they were not "fairly presented" to that court and, therefore, are unexhausted.[30] Moreover, even if those two claims were nevertheless found to be

---

[28] A copy of that writ application appears in Volume VII of the state court record.

[29] In actuality, Claims 4 and 17 were not even raised by petitioner, but were instead addressed by the Court of Appeal as part of its review for errors patent. Williams, 902 So.2d at 501; State Rec., Vol. I of VII.

[30] The United States Supreme Court has held that a claim is "fairly presented" only if it is expressly asserted to the state's highest court without the need for that court to "read beyond a petition or a brief (or a similar document)" to find the claim. Baldwin v. Reese, 541 U.S. 27, 32 (2004). The Supreme Court noted that appellate judges simply are not required to read the lower court opinions to ferret out a petitioner's claims:

> [T]o say that a petitioner "fairly presents" a federal claim when an appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges *must* read the lower court opinions – for otherwise they would forfeit the State's opportunity to decide that federal claim in the first instance. In our view, federal habeas corpus law does not impose such a requirement.
> For one thing, the requirement would force state appellate judges to alter their ordinary review practices. Appellate judges, of course, will often read lower court

exhausted, it is indisputable that the remaining claims are unexhausted because they were not mentioned *at all* in *either* the direct appeal *or* the Louisiana Supreme Court writ application: Claims 3 and 16 (petitioner was not advised of his <u>Miranda</u> rights); 6 and 19 (evidence was planted); 7 and 15 (the affidavit of probable cause was not signed); 8 and 10 (petitioner was not properly identified); 9 and 22 (petitioner's sentence is excessive);[31] 13 (petitioner received ineffective assistance of counsel); and 21 (petitioner was improperly prosecuted by bill of information rather than grand jury indictment).

In light of the foregoing, it is clear that although some of petitioner's claims were fairly presented to the Louisiana Supreme Court, many others were not. As a result, his federal application is a mixed petition and is therefore once again subject to dismissal on that basis. See <u>Alexander v. Johnson</u>, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both

---

        opinions, but they do not necessarily do so in every case. Sometimes an appellate court can decide a legal question on the basis of the briefs alone. That is particularly so where the question at issue is whether to exercise a discretionary power of review, *i.e.,* whether to review the merits of a lower court decision. In such instances, the nature of the issue may matter more than does the legal validity of the lower court decision. And the nature of the issue alone may lead the court to decide not to hear the case. ...
        For another thing, the opinion-reading requirement would impose a serious burden upon judges of state appellate courts, particularly those with discretionary review powers. Those courts have heavy workloads, which would be significantly increased if their judges had to read through lower court opinions or briefs in every instance.

<u>Id</u>. at 31-32.

[31] Although petitioner argued on direct appeal that his original eighty-five-year sentence was excessive, he never challenged in the Louisiana Supreme Court the excessiveness of the sixty-year sentence imposed on resentencing.

exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

However, it would not be in the interests of justice and judicial economy to dismiss petitioner's federal application without prejudice based on the lack of exhaustion. Because the application is also clearly untimely, it should instead be dismissed **with prejudice** on that basis. Champ v. Cooper, Civ. Action No. 11-2187, 2012 WL 396214, at *3 (E.D. La. Jan. 12, 2012), adopted, 2012 WL 396149 (E.D. La. Feb. 7, 2012); see also Alexander v. Cain, Civ. Action No. 05-683, 2007 WL 121722, at *2 (E.D. La. Jan. 12, 2007) ("When faced with an untimely petition, the Court is statutorily compelled to dismiss the case for that reason. Whether the underlying claims have been exhausted will not change the timeliness of the petition." (citations omitted)).

## II. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."[32] For the purposes of the AEDPA, a state criminal judgment is not final until *both* the petitioner's conviction *and* sentence are final. See Burton v. Stewart, 549 U.S. 147, 156-57 (2007); Scott v. Hubert, 635 F.3d 659, 665-67 (5th Cir.), cert. denied, 132 S. Ct. 763 (2011). Because petitioner's sentences became final at different times, his criminal judgments must be considered separately.

---

[32] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

## A. Armed Robbery Conviction

The United States Fifth Circuit Court of Appeals has explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." Id. at 694; see also Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. See Foreman, 383 F.3d at 338-39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. See Causey v. Cain, 450 F.3d 601, 606 (5th Cir. 2006); Roberts, 319 F.3d at 693.

Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008).

As noted, the state district court resentenced petitioner on the armed robbery conviction on January 14, 2010. Therefore, the criminal judgment as to that conviction became final for AEDPA purposes no later than February 15, 2010, when his time expired for filing an appeal with respect to that resentencing.[33] Accordingly, as to that conviction, his federal limitations period

---

[33] Under Louisiana law, petitioner had thirty days in which to appeal. La.C.Cr.P. art. 914. However, because the thirtieth day of that period here fell on a Saturday, petitioner had until the following Monday, February 15, 2010, to appeal. See La.C.Cr.P. art. 13; La.Rev.Stat.Ann. § 1:55.

commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. Regarding the statute of limitations, the AEDPA expressly provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The first application petitioner filed thereafter was his initial federal *habeas corpus* petition filed on September 3, 2010. However, a federal *habeas corpus* application clearly is not an "application for State post-conviction or other collateral review" and so does not trigger the tolling provisions § 2244(d)(2). Duncan v. Walker, 533 U.S. 167 (2001); Mathis v. Thaler, 616 F.3d 461, 473 (5th Cir. 2010), cert. denied, 131 S.Ct. 1574 (2011). Accordingly, he is not entitled to any tolling credit for that application or the related proceedings in the United States Fifth Circuit Court of Appeals.

Therefore, three hundred fifty-six (356) days of the federal limitations period elapsed before it was arguably tolled[34] on February 7, 2011, when petitioner filed his motion with the state district court to challenge his sentences. Due to quick succession of such motions he filed thereafter,

---

[34] The state argues that petitioner is entitled to no tolling credit whatsoever for any of the motions filed in 2011 because they were rejected as improperly filed. However, out of an abundance of caution, the undersigned will give the petitioner the benefit of the doubt on that issue, because his federal application is untimely even if he is accorded tolling credit for the filings.

the federal limitations period arguably remained tolled until June 1, 2011, when his time expired for seeking review of the order of May 2, 2011, which denied his April 8 motion.[35]

When the limitations period resumed running at that point, petitioner had only nine (9) days of the limitations period remaining. Therefore, he had only until June 10, 2011, to either again toll the limitations period or file his federal application.

Petitioner had no other applications for state post-conviction relief or other collateral review pending at any time on or before June 10, 2011. Therefore, he clearly is not entitled to further statutory tolling.[36]

The United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to

---

[35] Under Louisiana law, a litigant has thirty days to seek review by a court of appeal. Louisiana Uniform Rules of the Courts of Appeal Rule 4-3; see also Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001).

[36] Although petitioner subsequently filed other post-conviction motions, such motions filed *after* the expiration of the federal statute of limitations has no bearing on the timeliness of a federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, any federal application for *habeas corpus* relief challenging his armed robbery conviction or sentence had to be filed on or before June 10, 2011, in order to be timely. His federal application was not filed until March 6, 2012,[37] and it is therefore untimely.

### B. Remaining Convictions

Petitioner's convictions for aggravated battery and possession of a firearm while in possession of marijuana became final even earlier. Because the sentences for these convictions were affirmed on direct appeal and no resentencing was necessary, these state criminal judgments became final no later than February 4, 2010, ninety days after the Louisiana Supreme Court's decision of November 6, 2009. Butler v. Cain, 533 F.3d 314, 317 (5th Cir. 2008); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Therefore, his one-year federal limitations period with respect to these convictions expired no later than February 4, 2011, unless that deadline was extended through tolling.

Petitioner is not entitled to any tolling credit with respect to these two state criminal judgments. Because he had no "application for State post-conviction or other collateral review"

---

[37] Rec. Doc. 3. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner states that he placed his federal application into the prison mailing system on March 6, 2012. See Rec. Doc. 3, p. 15.

pending at any time during that one-year period, he clearly is not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2). Further, as previously noted, he has brought forth no evidence demonstrating that he is entitled to equitable tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations.

Because petitioner is entitled to neither statutory nor equitable tolling, any federal application for *habeas corpus* relief challenging his convictions or sentences for aggravated battery and possession of a firearm while in possession of marijuana had to be filed on or before February 4, 2011, in order to be timely. Because his federal application was not filed until March 6, 2012, it is untimely.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Eric Williams be **DISMISSED WITH PREJUDICE** as untimely.[38]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[38] However, if the recommendation that the petition be dismissed with prejudice as untimely is rejected, the undersigned then alternatively recommends that the petition be dismissed without prejudice as a mixed petition based on petitioner's failure to exhaust his remedies in state court.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[39]

New Orleans, Louisiana, this twenty-fourth day of July, 2012.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**

---

[39] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.